**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CR 08 37 ML

UNITED STATES OF AMERICA )
)
vs. ) Cr. No. ____________
) In violation of:
JEFFREY J. ROCK, alias GAVIN KANE, ) 18 U.S.C. §§ 545, 1957
Defendant. ) 21 U.S.C. § 333(e)

FILED
APR 14 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**INFORMATION**

The United States Attorney charges that:

**Introduction**

At all times material to this Information:

1. Defendant JEFFREY J. ROCK, alias GAVIN KANE (hereinafter ROCK) of Camarillo, California, was the owner and proprietor of Gavin Kane Enterprises and RockHard Physique.

2. From on or about August 2006 until on or about September 2007, ROCK was engaged in various businesses related to the fitness and body building industry. As part of his business activities, ROCK utilized two web-sites, www.gavinkane.com, and www.propeptides.com, to advertise, promote, and sell various brands of human Growth Hormones (hGH). ROCK also utilized his web-sites, and the business entities Gavin Kane Enterprise and RockHard Physique to advise customers and other individuals about the use of various supplements, including hGH, to promote muscle growth and loss of body fat.

3. Human Growth Hormone is defined as Somatrem, Somatropin, or an analogue of either Somatrem or Somatropin. It also includes hGH derived from a recombinant DNA process,

"r-hGH." 21 U.S.C. § 333(e)(4). All human growth hormones are prescription drugs and the Food Drug and Cosmetic Act ("FDCA").

4. Under the FDCA, a "prescription drug" is, among other things, a drug intended for use by people that, because of its toxicity or potential for harmful effect, the method of its use, or the collateral measures necessary for its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or a drug which was limited by a legally approved application (under 21 U.S.C. § 355) for use under the professional supervision of a practitioner licensed by law to administer such a drug.

5. The FDCA prohibits the introduction or delivery in interstate commerce of drugs for use in humans that have not been approved by the FDA through a New Drug Application, an Abbreviated New Drug Application, or a notice of claimed exemption for an Investigational New Drug, pursuant to 21 U.S.C. § 355. 21 U.S.C. §§ 331(d).

6. The FDCA prohibits knowingly distributing or possessing with intent to distribute hGH for any use in humans other than the treatment of a disease or other recognized medical condition that has been authorized by the Secretary of Health and Human Services (HHS) pursuant to 21 U.S.C. § 355. 21 U.S.C. § 333(e). The FDA has approved hGH only for the following uses: short stature in children with growth hormone deficiency, ideopathic short stature in children, short stature in children with Turner or Prader-Willi syndrome, short stature in children with chronic renal insufficiency, adults with biochemically documented growth hormone deficiency (GHD) diagnosed either in adulthood or childhood, adults with wasting disease associated with AIDS, and adults with short bowel syndrome. Human Growth Hormone has not been approved for use in any anti-aging, body-building, or weight loss treatments.

7. The Propeptides website lists Propeptides as an official distributor for Jintropin-brand hGH, manufactured by GeneScience Pharmaceutical Company ("GPC") based in Changchun, China. The FDA has never approved any hGH manufactured or imported from China for lawful use in the United States. On January 7, 1992, the FDA issued Import Alert IA66-57 titled "Detention without physical examination of foreign unapproved prescription drugs." The alert provided that "unapproved prescription drugs present serious safety and effectiveness concerns. Moreover, approved U.S. versions of these drugs are available." The alert called for the seizure of all drugs entering the United States from companies identified on the alert. On September 4, 2003, this Import Alert was modified to include Jintropin produced by GeneScience Pharmaceutical Company.

8. From at least on or about August 2006 until on or about September 2007, ROCK smuggled hGH from various sources around the world including Australia, and China, for distribution to various customers throughout the United States, including Rhode Island.

9. ROCK utilized the encripted e-mail account, propeptides@hushmail.com to communicate with his customers and with his sources of supply, including a representative of GeneScience Pharmaceutical Company who utilized the e-mail address jintropin20005@yahoo.com, regarding the purchase of hGH and payments for hGH. In these e-mails, ROCK received and provided directions as to how and where to mail the hGH, and the manner in which payment for the hGH would be made.

10. ROCK was paid by his customers through various means including Western Union money grams, U.S. Postal Money Orders, bank transfers, personal checks, cash, and electronic payments through internet services. Often these methods of payment were designed to conceal

the identity of the customer as well as the identity of ROCK.

11. ROCK maintained a number of bank accounts into which he deposited the proceeds of his sales of hGH and from which he paid his suppliers of hGH. These accounts include an offshore bank account held by Propeptides, Inc., at the FBME Bank Ltd. in Nicosia, Cyprus, Account No. XXXX54806USDCAXXX; an account held by Gavin Kane Enterprise and Rock Hard Physique at the Washington Mutual Bank, FA, 2300 Ponderosa Drive, Camarillo, California 91320, account number XXX1959; a personal account held by ROCK and his wife at the Washington Mutual Bank, account number XXXX2343.

12. ROCK utilized various methods to pay his suppliers of hGH including, but not limited to, Western Union money grams, bank transfers from his Washington Mutual Bank Account Number XXX1959, and bank transfers from his FBME Bank Ltd., Account No. XXXX54806USDCAXXX. Thus, for instance, from November 3, 2006 until December 23, 2006, ROCK wired $25,650.00 via Western Union money grams from the United States to a recipient in China as directed by a representative of GPC. From April 3 to April 27, 2007, ROCK transferred $25,420.00 from his FBME bank account to a bank account controlled by GPC held at the Swiss Development Bank Ltd .

13. On or about November 7, 2006, defendant ROCK and a representative of GeneScience Pharmaceutical Company exchanged messages in which they confirmed the shipment of Jintropin brand hGH from China to various addresses in and around Camarillo, California. The packages containing the Jintropin did not contain an accurate representation to U.S. Customs regarding the contents of the package. GPC also shipped Jintropin to ROCK on other occasions between January and July 2007.

14. Between August 2006 and September 2007, ROCK sold hGH worth between $120,000 to $200,000.00.

**COUNT I**

15. The United States realleges and incorporates by this reference paragraphs 1-14 of this Information in their entirety as though fully set forth herein.

16. From on or about November 3, 2006 until on or about July 3, 2007, within the District of Rhode Island and elsewhere, the defendant JEFFREY ROCK, alias GAVIN KANE, did knowingly and fraudulently import, bring, conceal, sell, and facilitate the transportation, concealment, and sale of merchandise, to wit a quantity of hGH under the brand name Jintropin, into the United States, contrary to 21 U.S.C. § 331(d) (prohibiting the introduction into interstate commerce of unapproved new drugs in violation of Section 355), and 333(e) (prohibiting the distribution of hGH for uses other than the treatment of a disease or recognized medical conditions that has been authorized by the Secretary of HHS pursuant to Section 355).

In violation of 18 U.S.C. § 545.

**COUNT II**

17. The United States realleges and incorporates by this reference paragraphs 1-14 of this Information in their entirety as though fully set forth herein.

18. On or about July 3, 2007, within the District of Rhode Island and elsewhere, the defendant, JEFFREY ROCK, alias GAVIN KANE, did knowingly distribute a quantity of hGH under the brand name Jintropin for use in humans other than for the treatment of a disease and other recognized medical condition, where such uses were authorized by the Secretary of HHS pursuant to 21 U.S.C. §355, but rather for unauthorized uses such as anti-aging, weight-loss, and muscle-building.

In violation of 21 U.S.C. § 333(e).

**COUNT III**

19. The United States realleges and incorporates by this reference paragraphs 1-14 of this Information in their entirety as though fully set forth herein.

20. On or about August 16, 2007, within the District of Rhode Island and elsewhere, the defendant, JEFFREY ROCK, alias GAVIN KANE, did knowingly distribute a quantity of hGH for use in humans other than for the treatment of a disease and other recognized medical condition, where such uses were authorized by the Secretary of HHS pursuant to 21 U.S.C. §355, but rather for unapproved uses such as anti-aging, weight-loss, and muscle-building.

In violation of 21 U.S.C. § 333(e).

**COUNT IV**

21. The United States realleges and incorporates by this reference paragraphs 1-14 of this Information in their entirety as though fully set forth herein.

22. On or about March 28, 2007, the defendant, JEFFREY ROCK, alias GAVIN KANE, who is a national of the United States, as defined in 18 U.S.C. § 3077, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit, a withdrawal of $10,661.50 from the account of Propeptides Inc. held at FBME Bank Ltd, Nicosia, Cyprus, which property was derived from specified unlawful activity, to wit the smuggling of hGH into the United States, in violation of18 U.S.C. § 545.

In violation of 18 U.S.C. § 1957.

**COUNT V**

23. The United States realleges and incorporates by this reference paragraphs 1-14 of this

Information in their entirety as though fully set forth herein.

24. From on or about April 3, 2007 to on or about April 27, 2007, the defendant, JEFFREY ROCK, alias GAVIN KANE, who is a national of the United States, as defined in 18 U.S.C. § 3077, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit, the withdrawal of $25,420.00 from the account of Propeptides Inc. held at FBME Bank Ltd, Nicosia, Cyprus, which property was derived from specified unlawful activity, to wit the smuggling of hGH into the United States, in violation of 18 U.S.C. § 545.

In violation of 18 U.S.C. § 1957.

**COUNT VI**

25. The United States realleges and incorporates by this reference paragraphs 1-14 of this Information in their entirety as though fully set forth herein.

26. On or about June 28, 2007 the defendant, JEFFREY ROCK, alias GAVIN KANE, who is a national of the United States, as defined in 18 U.S.C. § 3077, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit, the withdrawal of $13,644.00 from the account of Propeptides Inc. held at FBME Bank Ltd, Nicosia, Cyprus, which property was derived from specified unlawful activity, to wit the smuggling of hGH into the United States, in violation of18 U.S.C. § 545.

In violation of 18 U.S.C. § 1957.

**FORFEITURE ALLEGATIONS**

27. The United States realleges and incorporates by this reference paragraphs 1-26 of this

Information in their entirety as though fully set forth herein.

28. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction, the defendant, JEFFREY ROCK, alias GAVIN KANE, shall forfeit to the United States any and all property involved in the transactions alleged in Counts IV, V, and VI of this Information, which allege violations of 18 U.S.C. § 1957, and any property traceable to such property, including but not limited to a sum of money equal to $49,725.50 in United States Currency, in that this sum is the total amount of money involved in the transactions alleged in Counts IV-VI of this Information.

29. Pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982 (a)(3)(B), upon conviction, the defendant, JEFFREY ROCK, alias GAVIN KANE, shall forfeit to the United States a sum of money equal to $75,000.00 which property constitutes, and is derived from, proceeds the defendant obtained, directly and indirectly, as a result of the violations alleged in Counts I, II, and III, of this Information.

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

STEPHEN G. DAMBRUCH
Chief, Criminal Division

Dated: 4/14/08